**STATE ex BRICKER, Attorney General v NATIONAL GRAND LODGE OF FREEMASONS**

Ohio Appeals, 2nd Dist, Franklin Co

No 2329. Decided Nov 6, 1933

B. B. Friedman, Columbus, for defendant demurrant.

John W. Bricker, Attorney General, Columbus, Sater & Sater, Columbus, J. L. Amerman, Canton, George L. Gugle, Columbus, Special Counsel, for plaintiff.

**OPINION**

By HORNBECK, PJ.

Submitted on the demurrer of defendant to the petition. Demurrer consists of two branches: (1) That it appears on the face of the petition that the action is not brought by the real party in interest. (2) That it appears upon the face of the petition that the facts therein contained do not constitute a cause of action in favor of plaintiff and against this defendant.

The action is instituted by favor of §12305, GC, which, by express terms, authorizes the Attorney General to institute an action in quo warranto upon either or both of two conditions: (1) "When directed by the Governor, Supreme Court, or General Assembly." (2) "When upon complaint, or otherwise, such officer (Attorney General) has good reason to believe that any case specified in the next preceding section can be established by proof."

If the action were brought under the first condition set out above, it would be proper pleading to aver that it was instituted by the direction of the Governor, Supreme Court or General Assembly. As this is not plead in the instant case, the cause must proceed, if at all, upon the second condition above set forth, i.e., that the Attorney General has good reason to believe that a case can be established under one of the four branches of §12304, GC. The action, then, clearly proceeds under the second condition and if the petition states facts which, if true, disclose a violation of §12304, GC, then, clearly, the Attorney General is the proper party plaintiff so designated by statute and must be held to be the real party in interest.

It thus becomes necessary to consider the other branch of the demurrer, namely, does it state facts sufficient to constitute a cause of action against the defendant corporation.

The relator asserts that the action is instituted under the fourth branch of §12304, GC:

"When it (the corporation) has misused a franchise, privilege or right conferred upon it by law, or when it claims or holds by contract or otherwise, or has exercised a franchise, privilege or right in contravention of law."

Without setting out at length and verbatim the averments of the petition, it is sufficient to say that it proceeds upon the theory that the defendant corporation was organized and incorporated under the laws of the State, and then existing; that the corporation was formed for the purported purpose of practicing and preserving Ancient Craft Masonry in the United States of America and to create, organize and supervise independent lodges of Freemasons in the State of Ohio and other states of the United States and among other things to confer certain degrees upon its members and to authorize them to wear and display the badges, mottoes, rings, buttons, jewels, emblems and other insignia of the degrees which have been conferred upon them; that the defendant corporation was formed•to violate the criminal laws of Ohio, especially §13163, GC, and that, since its incorporation, has persistently violated said criminal statute; that it organized a Lodge in the City of Columbus, conferred certain degrees upon members, then specifically avers:

"The defendant, its officers and agents, have at all times since said Lodge was so created, organized and empowered, supervised it and, with full knowledge of the provisions of said §13163, GC, have unlawfully authorized and instructed said Lodge's members and have caused them to be instructed to wear and display the badges, mottoes, rings, buttons, jewels, emblems, and other insignia of such degrees, all of which, by reason of such authorization and instruction, have been worn and displayed by the members of said Lodge down to the present time."

Then follows the averment that on March 12, 1844, by an act of the General Assembly, there was authorized to be organized the Grand Lodge of Free and Accepted Masons of Ohio, under the name of the Grand Lodge of Ohio; that since said date said Lodge has been continuously practicing Ancient Craft Masonry, has created and organized Lodges, has issued charters to them and empowered them to confer the degrees incident to Masonry, and the number of Lodges organized and the total membership is averred and it is set out that the defendant corporation knew of the authorization and organization of the Grand Lodge of Accepted Masons of Ohio and that its members have, at all times, worn and displayed, and are still wearing and displaying the badges, mottoes, rings, buttons, jewels, emblems and other insignia of the degrees of said order. It is further averred that the defendant threatens and intends to create, organize and charter a series of pretended Lodges in Ohio, to confer the degrees of Masonry of the same title and character as those of the Grand Lodge of Accepted Masons of Ohio and to authorize and instruct its members to wear the same badges, mottoes, rings, buttons, jewels, emblems and other insignia as are worn and displayed by the members of said Grand Lodge of Ohio.

It is the contention of the demurrant that this petition does not state a cause of action because it does not aver that the degrees are being conferred in an illegal manner and we presume it is also contended that, inasmuch as guilt is personal and the defendant corporation as such cannot be convicted of crime, it cannot be held to be violating the provisions of the criminal statute. The section which it is alleged was violated is §13163, GC, which provides, in so far as pertinent:

"Whoever, not being entitled so to do,

under the rules and regulations thereof, wilfully wears the badge or button of * * *, or an order, society or organization of ten years' standing in this state, or uses or wears it to obtain aid or assistance thereby, shall be fined not more than twenty dollars or imprisoned not more than thirty days, or both."

The petition definitely avers that the officers of defendant corporation, with knowledge of the fact that the Grand Lodge of Ohio, was organized and operated since 1844 with the rights heretofore set out, authorized and directed its members and officers to wear the badge, button and insignia of said Grand Lodge of Ohio. The whole of the petition contains subject matter which, if true, clearly shows an express purpose and action to cause officers and members of the defendant corporation to violate a criminal statute. This brings the facts plead clearly within the law enunciated by the Supreme Court in the well known leading case of **State ex Crabbe, Attorney General v Thistledown Jockey Club, Inc., 114 Oh St**. We do not deem it necessary to set out the facts in this case but are content to say that it clearly is supporting authority for the instant action. The syllabi and the whole of the opinion are pertinent and establish the authority of the Attorney General to proceed against the corporation which, through its officers and members, is causing the violation of the criminal laws of the state.

We are convinced that, granting that the facts plead in the petition are true, it states a cause of action against the defendant corporation.

The demurrer will therefore be overruled in both of its branches.

KUNKLE and BARNES, JJ, concur.